# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR12-3049-MWB |
| Plaintiff, | |
| vs. | ORDER REGARDING DEFENDANT'S REPLY BRIEF CONCERNING DOWNWARD VARIANCE |
| TROY EUGENE FULKERSON, | |
| Defendant. | |

This case is before me on defendant Troy Eugene Fulkerson's reply brief filed on June 10, 2013. In his reply brief, Fulkerson attempts to raise a policy disagreement with the methamphetamine guidelines as an additional ground for a downward variance for the first time. Fulkerson filed his Motion for Downward Variance on June 4, 2013. He did not raise a policy disagreement with the methamphetamine guidelines as a ground in his motion. The prosecution filed its resistance to Fulkerson's motion on June 7, 2013. Fulkerson's sentencing is currently scheduled to be held tomorrow, June 11, 2013.

Local Criminal Rule 32 requires that:

> Any motion, sentencing memorandum, or brief relating to a sentencing issue, including any motion or brief filed under section "a" of this rule, must be filed, and a copy delivered to the assigned United States Probation Officer, at least 7 days before the sentencing hearing.

L. Cr. R. 32(a)(2). Fulkerson complied with this rule when he filed his Motion for Downward Variance. Fulkerson, however, did not raise a policy disagreement with the methamphetamine guidelines as one of the grounds for a downward variance in his motion, and the prosecution never discussed the issue in its resistance. Accordingly,

Fulkerson's reply brief does not respond to any argument raised by the prosecution and is not a proper reply brief under Local Rule 7(g). Moreover, my decision in *United States v. Hayes*, CR12-4040-MWB, is not "newly-decided authority" which would permit Fulkerson, pursuant to Local Rule 7(g), to file a reply brief. While my decision in *Hayes* was entered only last week, the issue it raised, a policy disagreement with the methamphetamine guidelines as a basis for a downward variance, should have been obvious since *Kimbrough v. United States*, 552 U.S. 85 (2007). Judge Bataillon repeatedly raised this issue in a number of his decisions, s*ee, e.g.*, *United States v. Woody*, 2010 WL 2884918, *10 (D. Neb. July 20, 2010); *United States v. Ortega*, 2010 WL 1994870 (D. Neb. May 17, 2010); *United States v. Ninchelser*, 2009 WL 872441 (D. Neb. Mar. 30, 2009); *United States v. Hubel*, 625 F. Supp. 2d 845, 853 (2008); *United States v. Goodman*, 556 F. Supp. 2d 1002, 1016 (D. Neb. 2008); *United States v. Castellanos*, 2008 WL 5423858 (D. Neb. December 29, 2008); *United State v. Rocha*, 2008 WL 2949242 (D. Neb. July 30, 2008), and his criticisms of the drug guidelines as a grounds for a downward variance were amplified most recently by Judge Gleeson's decision in *United States v. Diaz*, No. 11-CR-00821-2 JG, 2013 WL 1345513, at *1 (E.D.N.Y. Jan. 28, 2013). Thus, I conclude that Fulkerson's attempt to raise, in his reply brief, a policy disagreement with the methamphetamine guidelines as an additional ground for a downward variance is untimely and will not be considered at sentencing.

    **IT IS SO ORDERED**.

    **DATED** this 10th day of May, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA